UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X   For Online Publication Only
GARIEL V. JACOBS, individually and on
behalf of all others similarly situated,

                                       Plaintiff,

                                                        **ORDER**
                -against-                                 19-CV-3447 (JMA) (ARL)

ALLIANCEONE RECEIVABLES
MANAGEMENT, INC.,

                                       Defendant.
------------------------------------------------------------------------X

**APPEARANCES**

Jonathan M. Cader
David M. Barshay
Barshay Sanders, PLLC
100 Garden City Plaza
Garden City, NY 11530
      *Attorneys for Plaintiff Gariel V. Jacobs*

Aleksander Piotr Powietrzynski
Winston & Winston, P.C.
155 E. 44th Street, 5th Floor, Suite 142
New York, NY 10017
      *Attorney for Defendant AllianceOne Receivables Management, Inc.*

**AZRACK, United States District Judge:**

## I.    BACKGROUND

Defendant AllianceOne Receivables Management, Inc. ("Defendant") is a Pennsylvania corporation that collects consumer debts. In a letter dated July 26, 2018 (the "Letter"), Defendant sought to collect an alleged debt from plaintiff Gariel V. Jacobs ("Plaintiff"), a New York resident, owed to Capital One Bank (USA), N.A. (Compl. ¶ 31, ECF No. 1.) The Letter stated:

> At this time, we would like to offer to resolve your account for 20% off the balance! That's a reduced payment amount of $532.10. Upon receipt and clearance of your

payment, we will immediately cease collection activity and will notify our client that you have resolved your account. We are not obligated to renew this offer.

If you can't pay the reduced amount within 30 days after the date of this letter, please call 800-858-1531 to discuss other options including a variety of payment plans.

(Ex. 1, ECF No. 1.)

The letter also contained three addresses:

- The first address, 4850 Street Rd. Suite 300, Trevose, PA 19053 ("Address 1"), was printed at the top of the Letter, to the right of Defendant's logo and directly under a line that stated: "Send Correspondence To:" (Id.)



- The second and third addresses, along with Plaintiff's address, were both located on a detachable, perforated payment slip at the bottom of the Letter. The second address, PO Box 3004, Dept. 114165 (2), Phoenixville, PA 19460-0919 ("Address 2"), was printed on the top left of the slip, above Plaintiff's address. Under Address 2 was a bar code along with text stating: "↑ Mail return address only; send no letters." (Id.)

- On the mid-right of the detachable payment slip, aligned with Plaintiff's address, was the third address, AllianceOne Receivables Management Inc, PO Box 3111, Southeastern, PA 19398-3111 ("Address 3"). Above Address 3, a line in reference to the address stated: "↓ Please make check or money order payable to:" (Id.) (emphasis in the original). Address 3 was placed in such a way that it could be seen through the window of a courtesy return envelope that had been sent with the Letter. (Def's Mot., ECF No. 14-3 at 3.)



On June 11, 2019, Plaintiff initiated the instant litigation, bringing two counts under the FDCPA.  (ECF No. 1.)  First, Plaintiff claimed that the Letter violated the FDCPA by failing "to clarify whether the payment must be mailed to the first address or the second or third address." (Id. at 5.)  Second, Plaintiff argued that the Letter violated the FDCPA because it did not "state whether the payment must be sent by the consumer, or received by the Defendant, by the stated deadline."  (Id. at 6.)

After appearing for a pre-motion conference before the undersigned, Defendant now moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, seeks judgement on the pleadings pursuant to Fed. R. Civ. P. 12(c).  (ECF No. 14-3.)  Plaintiff opposes Defendant's motion.  (ECF No. 15.)  For the reasons set forth below, Defendant's motion is GRANTED.

## II.   DISCUSSION

Defendant moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), or, alternatively, Fed. R. Civ. P. 12(c).

### A. Standard

#### 1. Rule 12(b)(6)

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff must allege sufficient facts "to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).  Mere labels and legal conclusions will not suffice, nor will "a formulaic recitation of the elements of a cause of action."  Twombly, 550 U.S. at 555.  When reviewing a motion to dismiss, the Court accepts the factual allegations set forth in the complaint as true and draws all

reasonable inferences in favor of the plaintiff. See Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006). The standard for deciding a motion for judgement on the pleadings pursuant to Fed. R. Civ. P. 12(c) is identical to that of a 12(b)(6) motion. See Johnson v. Rowley, 569 F.3d 40, 43 (2d Cir. 2009).

Ordinarily, on a motion to dismiss, a court is confined to "the allegations contained within the four corners of [the] complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998). However, this standard "has been interpreted broadly to include any document attached to the complaint, any statements or documents incorporated in the complaint by reference, any document on which the complaint heavily relies, and anything of which judicial notice may be taken." Young AE Kim v. Advanced Call Center Technologies, LLC, No. 19-CV-4672, 2020 WL 5893964, at *1 (E.D.N.Y. Oct. 5, 2020) (citing Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002)). In cases brought pursuant to the FDCPA, courts that have broadly interpreted this standard have also included debt collection letters that complaints allege violate the FDCPA. Id.

**2. Section 1692e**

The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. There are sixteen subsections that outline a non-exhaustive list of practices that fall within the prohibited conduct under § 1692e. A catch-all subsection, § 1692e(10), bans "the use of any false representation or deceptive means to collect or attempt to collect any debt." Since the list in the subsections is non-exhaustive, "a debt collection practice can be a 'false, deceptive, or misleading' practice in violation of § 1692e even if it does not fall within any of the subsections of § 1692e." Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993). A debt collection letter is deceptive if it

4

is susceptible to more than one reasonable interpretation, at least one of which is inaccurate. See id. at 1319; see also Easterling v. Collecto, Inc., 692 F.3d 229, 233 (2d Cir. 2012).

### 3. Least Sophisticated Consumer

In evaluating whether a communication violates § 1692e, the Court applies an objective standard by considering how the "least sophisticated consumer" would understand the debt collection letter. Clomon, 988 F.2d at 1318. Though the "least sophisticated consumer" does not have the astuteness of a "Philadelphia lawyer," they are neither "irrational nor a dolt." Ellis v. Solomon & Solomon, P.C., 591 F.3d 130, 135 (2d Cir. 1996). Additionally, the "least sophisticated consumer" can be expected to possess a "willingness to read a collection notice with some care." Greco v. Trauner, Cohen & Thomas, LLP, 412 F.3d 360, 363 (2d Cir. 2005). The purpose of the "least sophisticated consumer" standard is to protect "the gullible as well as the shrewd." Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 90 (2d Cir. 2008). This objective test protects consumers against deceptive debt collection practices while also protecting debt collectors from liability for "bizarre or idiosyncratic" interpretations of debt collection letters. Clomon, 988 F.2d at 1320. While "courts are divided on whether breach of the least sophisticated consumer standard is a question of law or fact, the trend in the Second Circuit is to treat this question as a matter of law that can be resolved on a motion to dismiss." Diaz v. Residential Credit Sols., Inc., 965 F. Supp. 2d 249, 256 (E.D.N.Y. 2013) (quoting Rozier v. Fin. Recovery Sys., No. 10-CV-3273, 2011 WL 2295116, at *2 (E.D.N.Y. June 7, 2011)).

### B. Application

Defendant first argues that because the complaint "provides a formulaic recitation of the elements of an FDCPA cause of action," it should be dismissed because it "lacks the factual basis to support its conclusory allegations." (Def's Mot., ECF No. 14-3 at 6.) The Court disagrees.

5

Since the FDCPA relies on an objective standard, "the background facts in an FDCPA case are usually immaterial; either the challenged language is misleading or not misleading as a matter of law, or, in the less usual case, a reasonable jury could come out either way on whether particular language is misleading." Ocampo v. Client Servs., Inc., No. 18-CV-4326, 2019 WL 2881422, at *1 (E.D.N.Y. July 3, 2019) (quoting Meintzinger v. Sortis Holdings, Inc., 18-CV-2042, 2019 WL 1471338, at *2 (E.D.N.Y. April 3, 2019)). Consequently, the Court will analyze Plaintiff's two specific claims regarding the language used in the Letter and determine if they are misleading as a matter of law.

### 1. Multiple Addresses Claim

Plaintiff first alleges that the Letter violates 15 U.S.C. § 1692e because it contains three addresses, and the least sophisticated consumer would not know which address to use to send payment. (Compl. ¶¶ 45-52, ECF No. 1.) The Court disagrees because the Letter clearly states that payment should be sent to Address 3.

Simply because a debt collection letter includes multiple addresses "does not render it misleading . . . unless it is unclear which address a consumer should contact." Kucur v. Fin. Recovery Servs., Inc., No. 19-CV-5453, 2020 WL 1821334, at *4 (E.D.N.Y. Apr. 9, 2020) (citing Park v. Forster & Garbus, LLP, No. 19-CV-3621, 2019 WL 5895703, at *6 (E.D.N.Y. Nov. 12, 2019)). A letter is materially misleading if it "explicitly misdirects consumers . . . to the wrong address." Id. (citing Carbone v. Caliber Home Loans, Inc., No. 15-CV-4919, 2016 WL 8711197, at *4 (E.D.N.Y. Sept. 30, 2016)).

Here, the Letter is not misleading, even though it contains three addresses. The purpose of each address is explicit and would be understood by the least sophisticated consumer. Address 1 states that it should be used for "correspondence." (ECF No. 1-1.) Additionally, the Letter

6

explains that a consumer should "send no letters" to Address 2. (Id.) The letter clarifies using an upward facing arrow that Address 2 is a "[m]ail return address only." (Id.) Finally, Address 3 is to be used to submit payment. The text explicitly states to "[p]lease make check or money order payable to:" Address 3. (Id. (emphasis in original).) When reading the Letter in its entirety, the least sophisticated consumer would not be misled and would understand that each address has a different purpose. See Young Ae Kim, 2020 WL 5893964, at *3 (finding a letter with multiple addresses did not violate the FDCPA because the least sophisticated consumer would understand that disputes must be mailed to one address and payments to another).

Furthermore, the least sophisticated consumer would deduce from the context in which Address 3 is printed that it is to be used to submit payment. The operative language is printed on a perforated, detachable slip that the consumer is instructed to submit with the payment. In addition, Address 3 is positioned to be visible through a window of the courtesy return envelope so that the consumer does not have to address the envelope. See Saraci v. Convergent Outsourcing, Inc., No. 18-CV-6505, 2019 WL 1062098, at *3 (E.D.N.Y. Mar. 6, 2019) ("to boot, the collection letter includes a return envelope which, unless ignored or misused in some fashion, ensures dispatch of the communication to the proper address"). Accordingly, the least sophisticated consumer, who is "capable of 'making basic, reasonable and logical deductions and inferences,'" would do so here and therefore "know where to send payment . . . if she were to read this letter." Kucur, 2020 WL 1821334, at *4 (quoting Dewees v. Legal Servicing, LLC, 506 F. Supp. 2d 128, 132 (E.D.N.Y. 2007)).

Plaintiff, however, argues that a recent case from this district supports her position that the inclusion of three addresses on the Letter constitutes a violation of the FDCPA. In Pinyuk v. CBE Group, Inc., the court granted leave to amend, finding that a proposed amended complaint stated

a plausible claim that the least sophisticated consumer would be "without clear direction as to where to mail a written request" when confronted with three addresses in a debt collection letter. 17-CV-5753, 2019 WL 1900985 at *7 (E.D.N.Y. Apr. 29, 2019).  The court credited the plaintiff's argument that without clear instruction as to a specific address to use to send a written request, "the least sophisticated consumer could be confused and decide not to send a request to any of the addresses."  Id.

In contrast to the letter in Pinyuk, the instant Letter provides clear direction as to which of the three addresses payment should be sent.  It is implausible that Plaintiff would be confused by the inclusion of multiple addresses when the Letter explains the purpose of each one.  In light of the Letter's clear instructions, there was no risk that Plaintiff would not pay or "disput[e] the letter at all," unlike in Pinyuk.  Id.  Accordingly, Plaintiff's first cause of action must be dismissed because the least sophisticated consumer would not be confused regarding which of the three addresses to use to send payment.

### 2. Payment Deadline Claim

Plaintiff next argues that the Letter violates the FDCPA because it "fails to state whether the payment must be sent by the consumer, or received by the Defendant, by the stated deadline." (Compl., ECF No. 1 at 6, ¶ 60.)  In response, Defendant argues that the Letter is not confusing because as a settlement offer, it is governed by contract law.  (ECF No. 14-3 at 19.)  Therefore, Defendant claims, the mailbox rule applies and "the only reasonable interpretation of the Letter is that the reduced payment offer can be accepted by depositing a payment into a mailbox by the thirtieth day following the date on the Letter."  (Id. at 20.)  Though the Court agrees that the Letter does not violate the FDCPA, it does not credit the justification Defendant advances.

8

The Letter provides Plaintiff with the opportunity to resolve her account for 20% off her balance for a reduced payment amount of $532.10. (ECF No. 1-1 at 1.) It also informs Plaintiff that if she is unable "to pay the reduced amount within 30 days after the date of this letter, please call 800-858-1531 to discuss other options including a variety of payment plans." (Id.) The Letter further explains that "[u]pon receipt and clearance of your payment, we will immediately cease collection activity and will notify our client that you have resolved your account." (Id.) According to Plaintiff, this language violates the FDCPA because it has two interpretations: "it can be interpreted to mean that such payment must be mailed to the Defendant by the stated deadline" and it "can also be interpreted to mean that such payment must be received by the Defendant by the stated deadline." (ECF No. 1 at 6.) The Court disagrees.

The Letter constitutes a discounted settlement offer. Under the FDCPA, debt collectors are not required "to offer settlements, or set forth what terms must be included in an offer." Golubeva v. GC Servs. Ltd. P'ship, 767 F. Supp. 2d 369, 373 (E.D.N.Y. 2010). Such offers "are in consumers' best interest and should be encouraged, not punished for creatively imagined technical violations." Kraus v. Prof'l Bureau of Collections of Maryland, Inc., 281 F. Supp. 3d 312, 321 (E.D.N.Y. 2017). Here, Plaintiff's theory constitutes a "creatively imagined technical violation" because she has failed to plead how the purported ambiguity in the settlement offer is either material or inaccurate in violation of the FDCPA.

Under Plaintiff's first proposed interpretation, Plaintiff would have submitted payment a few days early, wrongly believing that the deadline was for Defendant to receive and process the payment rather than for Plaintiff to mail it. This "worst-case scenario" would "not rise to the level of a materially misleading statement." Perdomo v. Firstsource Advantage, LLC, No. 19-CV-3546, 2019 WL 4085255, at *2 (E.D.N.Y. Aug. 28, 2019). As the Second Circuit has observed, "[i]t is

hard to see how or where the FDCPA imposes a duty on debt collectors to encourage consumers to delay repayment of their debts." Taylor v. Fin. Recovery Servs., Inc., 886 F.3d 212, 214 (2d Cir. 2018).  Furthermore, "[t]he difference between the possible dates—mailing or actual receipt—is a matter of days at most, and certainly not enough to 'mislead a putative-debtor as to the nature and legal status of the underlying debt,' or 'impede a consumer's ability to respond to or dispute collection.'" Kucur, 2020 WL 1821334, at *3 (quoting Fritz v. Resurgent Capital Serv., LP, 955 F. Supp. 2d 163, 170 (E.D.N.Y. 2013)).

Alternatively, Plaintiff has not pled that her other proposed interpretation is "inaccurate" under the FDCPA.  In the worst-case scenario under this second interpretation, a consumer would wrongly believe that the deadline was for mailing payment when the deadline was actually for Defendant to receive and process it.  Plaintiff, however, has not claimed that Defendant would not accept payment if this situation were to occur.[1]  Accordingly, Plaintiff has failed to plead that this purported interpretation of the Letter is inaccurate.  Because Plaintiff has not alleged a material or inaccurate ambiguity in the Letter with respect to the payment deadline, she has failed to state a claim under the FDCPA.

---

[1] As in the complaint, Plaintiff's opposition brief again fails to allege that Defendant's practices regarding acceptance of payment render the Letter inaccurate.  She does not claim that Defendant would reject payment in a situation where a consumer mailed payment by the deadline, but the deadline was actually for Defendant to receive and process the payment.  In addition, in response to Defendant's argument that the mailbox rule applies, Plaintiff does not argue that the rule is inapplicable or that Defendant would reject payment submitted according to the rule.  Instead, she only contests that the least sophisticated consumer would have knowledge of the rule. (ECF No. 15 at 17.)  She again fails to explain how either purported interpretation of the Letter is inaccurate and therefore a violation of the FDCPA.

10

### III. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is hereby GRANTED, and Plaintiff's complaint is dismissed in its entirety. The Clerk of Court is respectfully directed to enter judgment accordingly and close this case.

**SO ORDERED.**

Dated: October 26, 2020
      Central Islip, New York

                                              /s/ (JMA)
                                          JOAN M. AZRACK
                                          UNITED STATES DISTRICT JUDGE